IRENE WALKER v. THE STATE.

No. 22458. Delivered March 31, 1943.

The opinion states the case.

*E. T. Miller*, of Amarillo, for appellant.

*Spurgeon E. Bell*, State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appeal is from a sentence of five years in the penitentiary on a charge of murder.

Irene Walker and Ellean Bullocks, colored, and twin sisters, were jointly charged and tried for the murder of Clyda Mae Cook. Ellean Bullocks received a suspended sentence at a joint trial with appellant. The offense was alleged to have been committed on the 16th day of May, 1942. The evidence on behalf of the State is sharply in conflict in the minutest detail with that given by the defense. A girl companion of the deceased gave testimony at length covering the details of the homicide and involving the two sisters as principals in the crime. She and the deceased were walking on the streets of Amarillo at evening time in search of somebody who would ask them for a date. They had passed the home of the appellant's sister and casually noticed both of them standing in front of the door near the sidewalk talking to a man. When a short distance away, the deceased screamed as she discovered the sisters approaching her, one with a gun and the other with a knife. The deceased ran across the street screaming for her mother repeatedly while appellant followed her in close pursuit, shooting her in the back and inflicting two wounds, either of which, it is testified, might have been fatal. Ellean handed her knife to Irene and implored her to finish the job. As the deceased lay on the ground mortally wounded, appellant approached her, grabbed her by the hair and kicked her and then stabbed her in the heart with the knife. She also inflicted other wounds, indicating an effort to cut her throat, according to the State's theory. The defense denied that Ellean had any connection with the affair, that she had a knife or took any part in it, and introduced evidence of self-defense for Irene, which seemed to have had but little support by the physical facts regardless of the impression which it might have made on the jury.

The only indication of a motive for the crime is found in the mention of a previous conflict between the deceased and appellant over a man with whom appellant had associated up until the time that she found him with the deceased in a beer joint and dancing place in the early part of May. An arrest followed this altercation but its connection with the final tragedy in the triangle is not sufficiently revealed to form any basis for discussion. Probably the jurors were able to vision something behind the scene supporting their conclusion that a very low penalty should be assessed for this brutal and wanton killing.

The record is before us without bills of exception. There is but a brief exception to the court's charge which we consider of little consequence. It will require no discussion. The procedure appears to be in every way regular. No brief has been presented indicating grounds for reversal.

The judgment of the trial court is accordingly affirmed.